HOSPITAL LICENSE — CERTIFICATE OF NEED A Certificate of Need is not a prerequisite to the issuance of a hospital license following a change of ownership of a previously licensed hospital if there has been continuous operation and licensure up to the time of the change of ownership. A Certificate of Need is a prerequisite to the issuance of a hospital license to a previously licensed hospital if such hospital is not currently licensed and the applicant is neither the previous licensee nor its successor in interest. The Attorney General has received your request for an opinion, wherein you ask the following question: "Is a Certificate of Need a pre-requisite to the issuance of a hospital license following a change of ownership of a previously licensed hospital if: "a) there has been a continuous operation and licensure up to the time of the change of ownership? "b) the hospital is not currently licensed and has not been in operation prior to and/or at the time of the change of ownership ?" Title 63 O.S. 2651 [63-2651] — 63 O.S. 2656 [63-2656] (1975) requires a Certificate of Need as a prerequisite for the issuance of hospital licenses under certain circumstances. Section 2651 reads, in pertinent part, as follows: "The legislature hereby declares that it is the public policy of the State of Oklahoma that the offering and development of new institutional health services should be made in an orderly and economical manner consistent with the needs of various areas of the State. It is the purpose of the legislature to further such public policy by providing a procedure for applying for and obtaining a Certificate of Need prior to the offering and development of new institutional health services of the State, and by prohibiting any offering or development of new institutional health services except pursuant to a Certificate of Need therefor issued by the Oklahoma Health Planning Commission . . ." Section 63 O.S. 2652 [63-2652] reads, in pertinent part: "Every person, partnership, corporation, or other entity and every governmental unit, county, municipal or otherwise, designed to offer or develop new institutional health services, as defined in Section 1 (referring to Section 2651) herein, shall make application therefor to the Oklahoma Health Planning Commission, in such form, and accompanied by such information, as the Commission shall prescribe." At this juncture, it should be noted that although institutional health services are defined in Section 2651, new institutional health services are not. Section 63 O.S. 2655 [63-2655] reads: "No new institutional health services shall be offered or developed unless the Oklahoma Health Planning Commission has issued a Certificate of Need therefor as provided in this Act. No agency of the State or any municipality shall approve any grant of funds or issue any license for new institutional health services unless the Certificate of Need as provided herein has been obtained." From the above statutes, it is clear that a Certificate of Need is a prerequisite for issuance of a license for all new institutional health services for the State of Oklahoma, and that the term "new institutional health service" would include a new hospital. The issue thus evolves itself into a determination as to whether or not, under the fact situation set forth in your question, there is a new hospital requiring a Certificate of Need, i.e., a "new" facility. Black's Law Dictionary, Revised Fourth Edition, defines "new" as follows: "As an element in numerous compound terms and phrases of the law, this word may denote novelty, or the condition of being previously unknown or of recent or fresh origin, but ordinarily it is a purely relative term and is employed in contrasting the date, origin, or character of one thing with the corresponding attributes of another thing of the same kind or class." (Emphasis added) In addition, the word "new" in conjunction with other words has been defined in the Oklahoma Statutes on numerous occasions, e.g., 63 O.S. 1-101 [63-1-101] (1971), which under the general heading of Bedding, reads as follows: "For the purposes of this article, unless the context indicates otherwise: "(c) The term 'new' means any article or material which has not been previously used for any purpose." This definition would seem equally applicable in determining when a hospital is new for the purposes of requiring a Certificate of Need, and its use is authorized by 25 O.S. 1971 2 [25-2], which reads: "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase whenever it occurs, except where a contrary intention plainly appears." In the context of this opinion, it would appear that a new hospital would be essentially synonymous with a previously unlicensed hospital, and your questions will be answered accordingly. It is apparent that where there has been continuous operation and licensure up to the time of the change of ownership of a hospital that, under the accepted definition of the word "new", such hospital is not a "new" facility requiring a Certificate of Need. Thus, subsection (a) of your question is answered in the negative. Subsection (b) of your question raises a harder question and apparently contemplates the situation where a hospital was built and licensed for use prior to the enactment of the Certificate of Need law, but never actually occupied. In applying the definitions of the word "new" set forth in response to your first question, it would appear that such a hospital would be a "new" facility for purposes of the Certificate of Need law where the proposed operator, i.e., present applicant, is neither the previous license holder nor its successor in interest. It is, therefore, the opinion of the Attorney General that your question be answered as follows: A Certificate of Need is not a prerequisite to the issuance of a hospital license following a change of ownership of a previously licensed hospital if there has been continuous operation and licensure up to the time of the change of ownership. A Certificate of Need is a prerequisite to the issuance of a hospital license to a previously licensed hospital if such hospital is not currently licensed and the applicant is neither the previous licensee nor its successor in interest. (James R. Barnett)